JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Alan Ashley appeals from the judgment of the trial court convicting him of theft in case number B-9908466B and receiving stolen property in case number B-9909149B. He also appeals from the trial court's judgment revoking community control and imposing sentence in case number B-9708175, in which he was convicted of six counts of misuse of credit cards. The trial court sentenced Ashley to twelve months' incarceration in case number B-9908466B, twelve months' incarceration in case number B-9909149B, and twelve months' incarceration on each count in case number B-9708175. All sentences were to run consecutively, except for the sentence in one count in case B-9708175, which was to run concurently with the other counts. Thus, Ashley was sentenced to seven years' incarceration in all.
Each of the sentences contained provisions for the imposition of "bad time" pursuant to R.C. 2967.11 and post-release control pursuant to R.C. 2967.28. R.C. 2967.11 purports to allow the parole board to extend a prisoner's prisoner term if the prisoner violates the rules of the department of rehabilitation and correction during his incarceration. R.C. 2967.28 allows the parole board to impose a period of post-release control upon an offender after the offender completes his prison term. Ashley challenges the inclusion in his sentence of these provisions, arguing that the statutes are unconstitutional.
The Ohio Supreme Court in State ex rel. Bray v. Russell (2000),89 Ohio St.3d 132, 729 N.E.2d 359, held that R.C. 2967.11
unconstitutionally delegates judicial power to the Adult Parole Authority (APA) in violation of Section 1, Article IV of the Ohio Constitution However, the court held in Woods v. Telb (2000), 89 Ohio St.3d ___, ___ N.E.2d ___, that the post-release control provisions of R.C. 2967.28 are constitutional. This court has held that a defendant may challenge the inclusion of these provisions in the sentence at the time sentencing is imposed and need not wait until the bad-time or post-release control sanctions are imposed.[1]
Therefore, we vacate Ashley's sentences in part and remand the case for the trial court to re-enter the original sentences with an added provision specifically stating that Ashley shall not be subject to the addition of bad time to his sentence pursuant to R.C. 2967.11. Otherwise, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Doan and Winkler, JJ.
[1] See State v. Morris (Aug. 18, 2000), Hamilton App. No. C-000027, unreported (defendant had standing to challenge R.C.2967.11, and the challenge was ripe); State v. Engleman (Aug. 18, 2000), Hamilton App. No. C-990845, unreported.